UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-18-KAC-JEM |
| JIMMY D. LEE, KRISTOPHER L. JONES, TYJUAN A. MCCALEBB, JOHN R. DORSEY, RALPHAEL ANDERSON, JANICE MCCALEBB-NIXON, and CORTEZ R. JAMAR, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Jimmy D. Lee's Motion to Continue Trial and Pretrial Deadlines [Doc. 109], filed on September 4, 2025.

Defendant requests the Court to continue the trial, currently set for October 22, 2025, and all associated pretrial deadlines [*Id.*]. In support of the motion, Defendant submits that on August 22, 2025, the Court granted his motion for substitute counsel and appointed new counsel [*Id.* ¶¶ 1–2]. Defendant's counsel has received the discovery from prior counsel and is in the process of reviewing the voluminous case file materials, which include several documents, audio files, and video recordings [*Id.* ¶ 3]. Defense counsel needs additional time to adequately prepare for trial [*Id.*]. Additionally, Defendant previously filed two pro se motions [Docs. 90 & 97], which the Court denied [*Id.* ¶ 4]. The Court directed new defense counsel to review these pro se filings

and take appropriate action [*Id.*]. Defense counsel needs more time to confer with the Defendant regarding the issues raised in those filings and to determine the proper course of action [*Id.*]. Finally, new defense counsel is scheduled for oral argument before the United States Court of Appeals for the Sixth Circuit in an unrelated case on October 23, 2025, making the current trial date unfeasible [*Id.* ¶ 6]. Defendant knowingly waives his speedy trial rights to allow his defense counsel adequate time for preparation [*Id.* ¶ 7]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 10].

Codefendant's Cortez R. Jamar, Janice McCalebb-Nixon, John R. Dorsey, Ralpheal Anderson, and Kristopher L. Jones filed timely notices of no objection to a trial continuance [Docs. 111, 112, 113, 114, & 115].

Codefendant Cortez Jamar stated that the Court appointed new counsel for him on August 29, 2025, and counsel is awaiting receipt of discovery [Doc. 111 p. 1]. Codefendant Jamar states that defense counsel will need time to review discovery, evaluate the need for pretrial motions, and prepare for trial [*Id.*]. Defense counsel for Codefendant Jamar confirmed with the Court via email that his client waives his right to a speedy trial.

Codefendant Janice McCalebb-Nixon understands all time between filing the motion for a continuance and the rescheduled court dates are fully excludable for speedy trial purposes [Doc. 112 p. 1].

Codefendant John R. Dorsey stated that he understands and waives his right to a speedy trial [Doc. 113 p. 1].

Codefendant Ralpheal Anderson stated that he understands that the period of time between the filing of the motion and the rescheduled court dates are fully excludable for speedy trial purposes and waives his right to a speedy trial [Doc. 114 p. 1].

2

Codefendant Kristopher Jones stated that it was in his best interest to waive his speedy trial rights [Doc. 115 p. 1], and his counsel confirmed with the Court via email that he was waiving his speedy trial rights.

Codefendant Tyjuan McCalebb also filed a notice of no objection and stated he understands all time up to the new trial date is excludable under the Speedy Trial Act [Doc. 118].[1]

Based upon the information in Defendant Lee's motion and because the Government and Codefendants Jamar, McCalebb-Nixon, Dorsey, Anderson, Jones, and McCalebb do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs for more time to review, discuss, and evaluate discovery with Defendant Lee, and otherwise prepare for trial. Defense counsel also needs time to evaluate pro se filings with Defendant Lee and determine if pretrial motions are necessary. Requiring Defendant Lee to proceed to trial on the current trial date would deny him the continuity of counsel because his counsel is not available for trial on that date. *See id.* § 3161(7)(B)(ii). Codefendant Jamar has also retained new counsel, and Codefendant McCalebb has only recently entered the case. For these reasons, the Court finds that defense counsel need additional time to prepare for trial. The Court finds that all of this cannot occur before the October 22, 2025 trial date.

---

[1] Codefendant Tyjuan McCalebb also filed a Motion for Leave to Late-File Notice of No Objection to Continuance [Doc. 117], asking the Court to accept a late filing of the notice of no objection. For good cause shown, the Court **GRANTS** the motion [**Doc. 117**].

3

The Court therefore **GRANTS** Defendant Jimmy Lee's Motion to Continue Trial and Pretrial Deadlines [**Doc. 109**]. The trial of this case is reset to **February 3, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on September 4, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jimmy D. Lee's Motion to Continue Trial and Pretrial Deadlines [**Doc. 109**] is **GRANTED**;

(2) Codefendant's Tyjuan A. McCalebb's Motion for Leave to File Notice [**Doc. 117**] is **GRANTED**;

(3) the trial of this matter is reset to commence on **February 3, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) all time between the filing of the motion on **September 4, 2025**, and the new trial date of **February 3, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for filing pretrial motions is extend until **October 24, 2025**, and responses to motions are due on or before **November 7, 2025**;

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 2, 2026**;

(7) the deadline for filing motions *in limine* is **January 16, 2026**, and responses to motions *in limine* are due on or before **January 27, 2026**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **January 20, 2026, at 11:30 a.m.**; and

4

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 23, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge