UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-18-KAC-JEM |
| | ) | |
| JIMMY D. LEE, | ) | |
| TYJUAN A. MCCALEBB, | ) | |
| JOHN R. DORSEY, | ) | |
| RALPHEAL ANDERSON, | ) | |
| JANICE MCCALEBB-NIXON, and | ) | |
| CORTEZ R. JAMAR, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Cortez Jamar's Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset all Pretrial Deadlines [Doc. 152], which he filed on January 2, 2026, and Defendant Jimmy Lee's Motion to Join Co-Defendant's Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset All Pretrial Deadlines [Doc. 153], which he filed on January 5, 2026.

Defendant Jamar asks the Court to reset all pretrial deadlines [Doc. 152 p. 1]. In support of his motion, Defendant Jamar asserts he received a new counsel appointment on August 29, 2025, and his new counsel needs additional time to review and analyze discovery recently provided by the Government [*Id.* ¶¶ 2–3]. Additionally, Defendant Jamar states that, due to professional and personal commitments, his counsel has had insufficient time to consult with him, consider potential pretrial motions, and prepare for a February 3, 2026 trial date [*Id.* ¶ 3]. Defendant also Jamar states his counsel needs additional time to complete plea negotiations with the Government [*Id.* ¶ 4].

Defendant Lee joins Defendant Jamar's motion in requesting the Court continue this case and all deadlines, including the pretrial motion deadline [Doc. 153 p. 2]. In support, Defendant Lee states additional time is needed because of technical difficulties his counsel experienced in accessing discovery [*Id.* § 2], which resulted in ongoing coordination between his counsel and the Government to address the issues [*Id.* § 3]. Defendant Lee also states he needs additional time for his counsel and the Government to complete plea discussions [*Id.* § 4].

The Government does not oppose Defendant Jamar's and Defendant Lee's motions [Doc. 152 ¶ 6; Doc. 153 § 6]. Counsel for Defendant Jamar and counsel for Defendant Lee confirmed that each Defendant is aware of his rights to a speedy trial and waive those rights for purposes of their motions [Doc. 152 ¶ 8; Doc. 153 § 5]. Codefendants Tyjuan McCalebb, John Dorsey, Rapheal Anderson, and Janice McCalebb-Nixon also filed notices of no opposition to the requested continuance and confirmation they are aware of their rights to a speedy trial and waive those rights for purposes of the continuance motions [Docs. 155, 156, 158, & 159].

Based upon the information in the motions filed by Defendant Jamar and Defendant Lee, and because the Government and all codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Jamar and Defendant Lee the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, counsel for Defendant Jamar needs additional time to review discovery, confer with Defendant, prepare and file potential pretrial motions, complete plea negotiations, and otherwise prepare for

trial in the event there is no resolution. Counsel for Defendant Lee also needs additional time to access and review discovery, prepare and file potential pretrial motions, complete plea discussions, and, if no plea agreement, otherwise prepare for trial. The Court finds that this cannot occur before the February 3, 2026 trial date.

The Court therefore **GRANTS** Defendant Jamar's Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset All Pretrial Deadlines [**Doc. 152**] and Defendant Lee's Motion to Join Co-Defendant's Unopposed Motion to Continue Trial, Extend Deadline, and Reset All Pretrial Deadlines [**Doc. 153**]. The trial date is reset to **July 7, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the Defendant Jamar's motion on January 2, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Cortez Jamar's Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset All Pretrial Deadlines [**Doc. 152**] is **GRANTED**;

(2) Defendant Lee's Motion to Join Co-Defendant's Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset All Pretrial Deadlines [**Doc. 153**] is **GRANTED**;

(3) the trial date is reset to commence on **July 7, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) all time between the filing of the Defendant Jamar's motion on **January 2, 2026**, and the new trial date of **July 7, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) for good cause shown, Defendant Lee's deadline for filing pretrial motions is reset to **February 16, 2026**, and responses to pretrial motions are due on or before **March 2, 2026**;[1]

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 8, 2026**;

(7) the deadline for filing motions *in limine* is **June 22, 2026**, and responses to motions *in limine* are due on or before **June 30, 2026**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **June 23, 2026, at 10:00 a.m.**; and

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 26, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*

Jill E. McCook
United States Magistrate Judge

---

[1] While Defendant Lee has shown good cause to extend his motion deadline, the codefendants have not requested an extension of their motions deadline. Because the motion deadline has expired, it will not be reopened without a request and good cause shown.

4