UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 3:25-CR-18-KAC-JEM-1 |
| JIMMY LEE, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION**

Before the Court is Defendant Jimmy Lee's January 23, 2026 "Objection to Magistrate Judge's Order Denying Reopening of Detention and Appeal of Detention Order Pursuant to 18 U.S.C. § 3145(b)" [Doc. 161]. The filing is not a model of clarity. But in the filing, Defendant, who is represented by counsel, appears to seek to do three different things: (1) object to the magistrate judge's January 2026 Memorandum and Order denying his motion to reconsider detention under 18 U.S.C. § 3142(f)(2) [Doc. 157], (2) appeal the magistrate judge's initial detention order from March 2025 under 18 U.S.C. § 3145(b) [Doc. 38], and (3) obtain "temporary release" under 18 U.S.C. § 3142(i). For the reasons below, the Court denies each request.

On March 5, 2025, a grand jury indicted Defendant for conspiring to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, ten (10) grams or more of p-fluorofentanyl, and a quantity of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), (B), and (C); conspiring to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); distributing fifty (50) grams of more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); aiding and abetting the distribution of fifty (50) grams or more of methamphetamine, in violation of 18 U.S.C.

§ 2 and 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 [Doc. 3 at 1-2, 7, 9, 11].

In March 2025, United States Magistrate Judge Jill E. McCook conducted an evidentiary hearing to determine whether Defendant should be detained pending trial [Doc. 37]. Thereafter, she ordered Defendant detained [Doc. 38]. Judge McCook determined that the United States proved "[b]y clear and convincing evidence that no condition or combination of conditions of release [would] reasonably assure the safety of any other person and the community" [*Id.* at 2].

Then on April 2, a grand jury returned a superseding indictment, which added two (2) counts against Defendant—possession with the intent to distribute five (5) grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [*See* Doc. 39].

On November 16, 2025, Defendant, now represented by a different attorney, moved to reopen his detention hearing under 18 U.S.C. § 3142(f) [Doc. 132]. He argued that his recent acceptance into Sober Living Provisions—a men's long term recovery housing program—and his rehabilitative efforts while in detention "demonstrate[d] that a combination of conditions exists to reasonably assure the safety of the community" [*See id.* at 7; *see also* Doc. 132-2 at 1].

On January 7, 2026, Judge McCook denied Defendant's motion to reopen under Section 3142(f)(2). She concluded that the new information Defendant presented could have been known to him at his detention hearing, and in any event, the new information "does not have a material bearing on whether there are conditions of release that [would] reasonably assure the safety of any other person and the community" [*See* Doc. 157 at 2].

On January 23, 2026 Defendant filed his "Objection to Magistrate Judge's Order Denying Reopening of Detention and Appeal of Detention Order Pursuant to 18 U.S.C.

2

§ 3145(b)" [Doc. 161]. In the filing, he seeks to (1) object to Judge McCook's January 2026 order denying his motion to reconsider detention [Doc. 157], (2) appeal Judge McCook's March 2025 detention order [Doc. 38], and (3) obtain "temporary release" under 18 U.S.C. § 3142(i) [Doc. 161]. The United States opposed [Doc. 171]. The Court addresses each of Defendant's requests in order.

*First*, the Court overrules Defendant's objections to Judge McCook's January 2026 order denying his motion to reconsider detention under 18 U.S.C. § 3142(f)(2) [Doc. 157]. Defendant's objections boil down to his bald assertion that "the magistrate judge's order misapplies the legal framework." [*See* Doc. 161 at 2]. That assertion is wrong. Under 18 U.S.C § 3142(f), a detention "hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). "Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event." *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) (citations omitted). Judge McCook properly applied this prevailing law and the accompanying legal framework [*See* Doc. 157 at 3-4]. So, the Court denies Defendant's objections.

As Defendant rightfully noted, the assessment of a motion to reopen a detention hearing under Section 3142(f)(2) is different than the appeal of an initial detention decision under 18 U.S.C. § 3145(b) [*See* Doc. 161 at 2-3]. Under Section 3145(b), the appeal of a magistrate judge's detention order is made to the presiding district judge, the undersigned. *See* 18 U.S.C. § 3145(b). Therefore, the undersigned addresses the Section 3145(b) appeal in the first instance.

3

***Second***, Defendant's appeal of the March 2025 detention order [Doc. 38] is untimely. Under Section 3145(b), if a magistrate judge orders a defendant detained pending trial, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order."  18 U.S.C. § 3145(b).  But under Local Rule 72.4(b), "[a]ny appeal from a magistrate judge's order on a nondispositive motion in a felony criminal case shall be taken within 14 days of service of the order."  E.D. Tenn. L.R. 72.4(b). Defendant did not timely appeal the March 2025 detention order.  In fact, he did not ask the undersigned to review the Order until ten (10) months later [*See* Doc. 161 at 1].  So, the appeal is untimely under this Court's Local Rules.  And Defendant cites no law or facts that would allow him to file an untimely appeal.  So, the Court denies Defendant's appeal of the March 2025 detention order.

***Finally***, Defendant's argument that he is entitled to "temporary release" also fails.  Under 18 U.S.C. § 3142(i), the Court may "permit the temporary release" of a detained individual if the Court "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 2142(i).  "The defendant has the burden of establishing circumstances warranting temporary release."  *Bothra*, 2020 WL 2611545, at *2.  Counsel for Defendant reports that Defendant "has experienced being accused by other detainees of cooperating with law enforcement; threats and retaliatory conduct within the jail; and safety-based housing changes" [Doc. 161 at 5].  He also argues that "detention officials cannot fully eliminate" these risks [*Id.*].  But the arguments of counsel are not evidence of these challenges.  And without presenting any evidence, Defendant has not met his burden. *See Bothra*, 2020 WL 2611545, at *2 (denying defendant's request for temporary release because "there is no evidence in the record suggesting that [defendant's medical] conditions are life threatening or otherwise sufficiently

4

serious"). So, on the record before this Court, Defendant's argument for "temporary release" under Section 3142(i) fails.

For the reasons above, the Court **DENIES** Defendant's "Objection to Magistrate Judge's Order Denying Reopening of Detention and Appeal of Detention Order Pursuant to 18 U.S.C. § 3145(b)" [Doc. 161].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge