UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JIMMY D. LEE,<br>JOHN R. DORSEY,<br>RALPHEAL ANDERSON,<br>JANICE McCALEBB-NIXON, and<br>CORTEZ R. JAMAR,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CR-18-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jimmy Lee's Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 215], which he filed on October 14, 2026.

Defendant Lee asks the Court to continue his trial and all relevant deadlines [*Id.*]. Defendant's counsel was appointed to represent Defendant Lee on September 21, 2026, and is his third attorney [*Id.* ¶ 1]. Since appointment, counsel states he received substantial discovery that has not yet been reviewed [*Id.* ¶ 3]. Defendant Lee submits that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant Lee in a speedy trial [*Id.* ¶ 4]. Defendant Lee acknowledges his speedy trial right and waives that right for purposes of his request for a continuance [*Id.* ¶ 5].

Defendant Lee states that counsel for the Government does not object to the requested continuance [*Id.* ¶ 6]. Codefendant John Dorsey filed notice of no objection to Defendant Lee's requested continuance [Doc. 217]. Defendant Dorsey understands and waives his right to a speedy

trial for the purpose of this continuance [*Id.*]. Codefendant Cortez Jamar also filed notice that he does not oppose Defendant Lee's motion [Doc. 218]. Defendant Jamar agrees that the case is not yet ready for trial and that additional time is also needed for him to engage in plea negotiations and prepare for trial [*Id.* at 1]. Defendant Jamar acknowledges his awareness of his speedy trial rights and waives them under the circumstances presented [*Id.*]. Codefendant Janice McCalebb-Nixon filed notice of no objection to the continuance and acknowledges her understanding of her speedy trial rights [Doc. 219]. Counsel for Co-defendant Rapheal Anderson emailed the undersigned's chambers to acknowledge Defendant Anderson's understanding of his speedy trial rights and his agreement to waive those rights for the continuance.

Based upon the information in Defendant's motion and because codefendants and the Government do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's new counsel needs additional time to review discovery and prepare for trial. The Court finds that this cannot occur before the November 17, 2026 trial date.

The Court therefore **GRANTS** Defendant Lee's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 215**]. The trial date is reset to **April 13, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of

the time between the filing of the motion on October 14, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Jimmy Lee's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 215**] IS **GRANTED**;

(2) the trial date is reset to commence on **April 13, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 14, 2026**, and the new trial date of **April 13, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 12, 2027**;

(5) the deadline for filing motions *in limine* is **March 29, 2027**, and responses to motions *in limine* are due on or before **April 6, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 30, 2027, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 2, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge